# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| NVS LIQUIDATING COMPANY, INC., *et al.*,[1] ) | Case No. 08-12973 (PJW) |
| ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| _____ ) | |
| JEOFFREY L. BURTCH, ) | |
| CHAPTER 7 TRUSTEE, ) | |
| ) | Adv. Pro. No.   (PJW) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| APPLIED VOICE & SPEECH TECHNOLOGIES, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT TO AVOID TRANSFERS
## PURSUANT TO 11 U.S.C. § 547 AND TO RECOVER
## PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550

Jeoffrey L. Burtch, Esquire, the Chapter 7 Trustee (the "Trustee", and/or collectively the "Plaintiff") for the estates of NVS Liquidating Company, Inc., *et al.* fka NetVersant Solutions, Inc. *et al.* (the "Estate", the "Debtors", and/or "NVS"), Plaintiff in this adversary proceeding, by

---

[1] The Debtors are the following entities: NetVersant Solutions, Inc., Case No. 08-12973; NetVersant - Northern California, Inc., Case No. 08-12974; NetVersant - Southern California, Inc., Case No. 08-12975; NetVersant - California, Inc., Case No. 08-12976; NetVersant - Denver, Inc., Case No. 08-12977; NetVersant GP, Inc., Case No. 08-12978; NetVersant LP, Inc., Case No. 08-12979; NetVersant Management Co., L.P., Case No. 08-12980; NetVersant National, Inc., Case No. 08-12981; NV Resources, Inc., Case No. 08-12982; NetVersant, Inc., Case No. 08-12983; NetVersant - Oregon, Inc., Case No. 08-12984; NetVersant - Mid-Atlantic, Inc., Case No. 08-12986; NetVersant - New England, Inc., Case No. 08-12987; NetVersant - Minneapolis/St. Paul, Inc., Case No. 08-12988; NetVersant - Albuquerque, Inc., Case No. 08-12989; Intelligent Building Systems, Inc., Case No. 08-12990; NetVersant - Philadelphia, Inc., Case No. 08-12991; NetVersant - Texas, Inc., Case No. 08-12992; NetVersant - Cascades, Inc., Case No. 08-12993; and NetVersant - Washington, Inc., Case No. 08-12994.

his undersigned attorneys, in support of this Complaint to avoid and recover preferential transfers against Applied Voice & Speech Technologies, Inc. (the "Defendant"), hereby alleges upon information and belief that:

## NATURE OF THE CASE

1. This Complaint seeks to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made for or on account of an antecedent debt made to or for the benefit of the Defendant by the Debtors during the ninety-day period prior to the filing of the Debtors' bankruptcy petition under 11 U.S.C. §§ 547 and 550. To the extent that the Defendant has filed a proof of claim or has a claim listed on the Debtors' schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtors or the Chapter 11 Estates, (collectively, the "Claim"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Trustee's right to object to such Claim for any reason, including, but not limited to, Section 502(a) through (j) of the Bankruptcy Code ("Section 502"), and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to Section 502 may be sought by the Trustee herein as further stated below.

## JURISDICTION

2. This Court has subject matter jurisdiction over this adversary proceeding, which arises under Title 11, arises in, and relates to a case under Title 11 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), Case No. 08-12973 (PJW), pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. The claims and causes of action set forth herein concern the determination, allowance, disallowance, and amount of claims under 11 U.S.C. §§ 502, 547 and 550. This

adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(2).

4. Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1409 in that this proceeding arises in and relates to a bankruptcy case pending in the district and the claims alleged herein arose in this district.

## BACKGROUND

5. On November 19, 2008 (the "Petition Date"), the Debtors commenced their respective reorganization cases (collectively, "Bankruptcy Cases") by filing voluntary petitions for relief under the Bankruptcy Code, in the Bankruptcy Court.

6. These cases converted to cases under Chapter 7 on April 30, 2009 [Docket 580 (Order)]. Jeoffrey L. Burtch was appointed as interim trustee on May 1, 2009, pursuant to Section 701 and is serving as the Trustee of this Estate pursuant to Section 702(b) of the Bankruptcy Code. [Docket 582].

7. Upon information and belief, the Defendant:

(a) is a corporation of the state of Delaware;

(b) has its principal place of business located in Foothill Ranch, CA;

(c) has a mailing address at 27042 Towne Centre Drive, Suite 200, Foothill Ranch, CA 92610-2810; and

(d) Corporation Service Company is the Registered Agent with a mailing address at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

## CLAIMS FOR RELIEF

### COUNT I

**(Avoidance of Preference Transfers - 11 U.S.C. § 547)**

8. The Trustee hereby incorporates all preceding paragraphs as if fully re-alleged herein.

9. On or within 90 days prior to the Petition Date, the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashiers checks, wire transfers or otherwise to certain entities, including the Defendant.

10. The Trustee has completed an analysis of all readily available information of the Debtors and is seeking to avoid all the transfers made by the Debtors to the Defendant within the 90 days preceding the Petition Date, August 21, 2008 - November 19, 2008 (the "Preference Period").

11. The Trustee has determined the total amount paid to the Defendant during the Preference Period is not less than $ 335,964.35 (the "Transfers"), see attached payment history ("Exhibit A").

12. During the course of this proceeding the Trustee may learn (through discovery or otherwise) of additional transfers made to the Defendant during the Preference Period. It is the Trustee's intention to avoid and recover all transfers made by the Debtors of an interest of the Debtors in property or for the benefit of the Defendant or any other transferee. The Trustee reserves his right to amend this Original Complaint as to include: further information on the Transfers, additional Transfers, revision of Defendant's name, additional defendants, and/or additional causes of action (i.e., but not exclusively, 11 U.S.C. §542, §544, §545, §548 and §549) (collectively the "Amendments"), that may become known to the Trustee at any time

4

during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this Original Complaint.

13. The Defendant was a creditor of the Debtors at the time of the Transfers within the meaning of 11 U.S.C. § 101(10)(A). At the time of the Transfers, the Defendant had a right to payment on account of an obligation owed to the Defendant by the Debtors.

14. The Transfers were to or for the benefit of the Defendant.

15. The Transfers were for, or on account of, antecedent debts owed by the Debtors before such transfers were made.

16. The Debtors were insolvent at all times during the 90 days prior to the Petition Date.

17. As a result of the Transfers, the Defendant received more than it would have received if: (i) this case was under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the Defendant received payment of such antecedent debts under the provisions of the Bankruptcy Code.

18. The Trustee is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b).

## COUNT II

**(Recovery of Avoided Transfers - 11 U.S.C. § 550)**

19. The Trustee hereby incorporates all preceding paragraphs as if fully re-alleged herein.

20. Trustee is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b).

21. The Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

22. Pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover from the Defendant the Transfers, plus interest thereon to the date of payment and the costs of this action.

## COUNT III

**(Disallowance of all Claims - 11 U.S.C. § 502(d) and (j))**

23. The Trustee hereby incorporates all preceding paragraphs as if fully re-alleged herein.

24. The Defendant is an entity from which property is recoverable under Section 550 of the Bankruptcy Code.

25. The Defendant is a transferee of Transfers avoidable under Sections 547 of the Bankruptcy Code.

26. The Defendant has not paid the amount of the Transfers, or turned over such property, for which Defendant is liable under Section 550 of the Bankruptcy Code.

27. Pursuant to 11 U.S.C. § 502(d), any and all Claims of the Defendant against the Estate or the Trustee must be disallowed until such time as the Defendant pays to the Trustee an amount equal to the aggregate amount of all the Transfers, plus interest thereon and costs.

28. Pursuant to 11 U.S.C. § 502(j), any and all Claims of the Defendant, and/or its assignee, against the Estate or the Trustee previously allowed by the Debtors, must be reconsidered and disallowed until such time as the Defendant pays to the Trustee an amount equal to the aggregate amount of all the Transfers.

## PRAYER FOR RELIEF

WHEREFORE, the Trustee requests that this Court grant it the following relief against Defendant:

A. Avoiding the Transfers described above as preferences under 11 U.S.C. § 547(b);

B. Granting judgment in favor of the Trustee against the Defendant in an amount of $ 335,964.35;

C. Requiring the Defendant immediately to pay this amount to the Trustee pursuant to section 550(a) of the Bankruptcy Code;

D. Disallowing any Claims of the Defendant, and/or its assignee, if it refuses to turn over any Transfers to the Trustee pursuant to Section 502;

E. Awarding pre-judgment from the date of the transfers and post judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

F. Granting the Trustee such other and further relief as the Court deems just and proper.

/s/ W. Jeffrey Whittle
W. Jeffrey Whittle (#448)
COOCH AND TAYLOR, P.A.
The Brandywine Building
1000 West Street, 10th Floor
P.O. Box 1680
Wilmington, DE 19899-1680

Direct: 302.984.3807
Fax: 302.984.3939
jwhittle@coochtaylor.com

Attorneys for Jeoffrey L. Burtch, Chapter 7 Trustee

October 28, 2010